# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**WILLIAM J. SPARKS, JR.**                                                      **PLAINTIFF**
**#136379**

v.                       **CASE NO. 3:17-CV-00271 BSM**

**JOHN H. BRADLY, et al.**                                                **DEFENDANTS**

## ORDER

Plaintiff William Sparks, Jr. filed a *pro se* civil rights complaint against John H. Bradly and Dustin Jones, both public defenders, and Catherine Dean, a prosecuting attorney. Sparks alleges that defendants have not responded to his speedy trial motion and letters and that his speedy trial rights have been violated. Compl. at 4, Doc. No. 2. He seeks damages and the dismissal of the case against him.

Sparks is incarcerated at the Barbara Ester Unit of the Arkansas Department of Correction, which triggers automatic screening of his complaint. *See* 28 U.S.C. § 1915A. Screening is appropriate if the cause of action stated in Sparks's complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.*; 28 U.S.C. § 1915(e)(2)(B).

Sparks has failed to state a claim on which relief can be granted. Public defenders Bradly and Jones are not subject to suit under 42 U.S.C. section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

proceeding"). Further, Sparks's damages claim against prosecuting attorney Dean is subject to dismissal because Dean has absolute immunity from claims for damages for acts performed within her official authority. *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). To the extent Sparks seeks equitable relief, adequate legal remedies exist in state procedural safeguards, as well as state and federal habeas proceedings. *Bruntrager*, 841 F. 2d at 856. When state and federal law provide adequate remedies, "federal courts should not interfere in state criminal court proceedings . . . ." *Smith v. Bacon*, 699 F.2d 434, 437 (8th Cir. 1993). Sparks may be entitled to the dismissal of criminal charges if he was not brought to trial within the time provided by Arkansas Rules of Criminal Procedure 28.1 and 28.2, which provide him with an adequate state remedy.

Accordingly, Sparks's complaint is dismissed without prejudice; an *in forma pauperis* appeal would not be taken in good faith; and this dismissal counts as a strike for the purposes of 28 U.S.C. section 1915(g).

IT IS SO ORDERED this 16th day of October 2017.

_____
UNITED STATES DISTRICT JUDGE